UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALICIA BRUCATO,<br>        Plaintiff,<br><br>v.<br><br>METABOLIFE INTERNATIONAL, INC.,<br>THE CHEMINS COMPANY, INC., AND<br>GN OLDCO CORPORATION F/K/A<br>GENERAL NUTRITION<br>CORPORATION,<br>        Defendants. | DOCKET NO: 05CV10870JLT |

ANSWER OF DEFENDANT, METABOLIFE INTERNATIONAL, INC. TO PLAINTIFF'S COMPLAINT

A.    FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

B.    SECOND DEFENSE

The defendant, Metabolife International, Inc., which has been misnamed as "Metabolife Corporation" in the Plaintiff's Complaint (hereinafter, "Defendant"), responds to the allegations contained in the Plaintiff's Complaint, Paragraph by Paragraph as follows:

1.    The Defendant neither admits nor denies the allegations contained in Paragraph 1 of the Plaintiff's Complaint as the Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

2.    The Defendant admits that it is a California corporation with its principal place of business in San Diego, California, but states that its proper name is Metabolife International, Inc., not Metabolife Corporation.  The Defendant further admits that it does not maintain an agent for service in Massachusetts.  The Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3.    The Defendant does not respond to the allegations contained in Paragraph 3 of the Plaintiff's Complaint as they are not directed at this Defendant.

4.    The Defendant does not respond to the allegations contained in Paragraph 4 of the Plaintiff's Complaint as they are not directed at this Defendant.

1

5.    The Defendant admits that diversity jurisdiction exists, but denies that any recovery is warranted.  The Defendant denies the remaining allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6.    The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant denies the remaining allegations in Paragraph 6 of the Complaint.  The Defendant makes no response for allegations not directed to it.

7.    The  Defendant denies that it manufactured or sold a product called "Metabolife." The properties and effects of ma huang and ephedrine are a matter of public record and no response is required of this defendant.

8.    The properties of ephedrine are a matter of public record and no response is required of this Defendant.

9.    The Defendant admits that its dietary supplement products are safe when taken as directed.  The Defendant denies that its products are capable of causing injury when taken as directed.  The Defendant admits that PPA was removed from the market.  As to "reported cases," the Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and therefore denies same.  The Defendant makes no response for allegations not directed to it.

10.    The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant denies that its products are unsafe when taken as directed.  Actions by the FDA, state agencies, the Food Advisory Committee, athletic associations, the military, the AMA, and the Canadian government are a matter of public record and no response is required of this defendant.  The Haller/Benowitz article speaks for itself and no responses is required of this Defendant.  The Defendant admits that the FDA banned ephedra from the market.  The Defendant denies the last sentence of Paragraph 10 and the remaining allegations in said paragraph.  The Defendant makes no response for allegations not directed to it.

11.    The Defendant denies the allegations contained in Paragraph 11 of the Complaint. The Defendant makes no response for allegations not directed to it.

12.    The allegations concerning "ephedra diet supplements" are vague and ambiguous and do not appear to be directed to this Defendant, and, as such, no response is required.  Any studies about alkaloid content speak for themselves and no response is required.

13.    DSHEA speaks for itself and no response is required.  The Defendant neither admits nor denies the remaining allegations contained in Paragraph 13 of the Plaintiff's Complaint as the Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted.  The Defendant makes no response for allegations not directed to it.

14.    The labels and marketing materials of this Defendant's products speak for themselves and no response is required.    The Defendant lacks sufficient information or knowledge as to the state of mind of consumers and therefore denies such allegations.    The Defendant denies that its products are unsafe when taken as directed.    The Defendant denies the remaining allegations in said paragraph.    The Defendant makes no response for allegations not directed to it.

15.    The Defendant denies that there are "risks" associated with taking its products as directed.    The Defendant denies the remaining allegations in Paragraph 14.    The Defendant makes no response for allegations not directed to it.

16.    The Defendant denies that it manufactured or sold a product called "Metabolife." Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies the same.    The Defendant makes no response for allegations not directed to it.

17.    The Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies the same.

18.    The Defendant denies that its products are unsafe when taken as directed.    The labels on the Defendant's products speak for themselves and no response is required.    The Defendant is without information or knowledge sufficient to form a belief as to the Plaintiff's state of mind, and therefore denies said allegations.    The Defendant denies the remaining allegations in Paragraph 18.    The Defendant makes no response for allegations not directed to it.

## COUNT I

19.    The Defendant repeats, reiterates, and incorporates by reference each and every admission, denial or other response as to each and every allegation contained in the referenced paragraphs of the Plaintiff's Complaint with the same force and effect as if each were separately set forth herein at length.

20.    The labels and advertising on the Defendant's products speak for themselves and no response is required.    The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant denies that its products are capable of causing injury when taken as directed.    The Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.    The Defendant makes no response for allegations not directed to it.

## COUNT II

21.    The Defendant repeats, reiterates, and incorporates by reference each and every admission, denial or other response as to each and every allegation contained in the referenced paragraphs of the Plaintiff's Complaint with the same force and effect as if each were separately set forth herein at length.

22.    The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant denies the remaining allegations contained in Paragraph 22 of the Complaint. The Defendant makes no response for allegations not directed to it.

23.    The Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 concerning the Plaintiff's alleged injuries, and/or damages and therefore denies the same.  The Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.  The Defendant makes no response for allegations not directed to it.

24.    The Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.  The Defendant makes no response for allegations not directed to it.

25.    The Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.  The Defendant makes no response for allegations not directed to it.

## COUNT III

26.    The Defendant repeats, reiterates, and incorporates by reference each and every admission, denial or other response as to each and every allegation contained in the referenced paragraphs of the Plaintiff's Complaint with the same force and effect as if each were separately set forth herein at length.

27.    The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant admits that it had a duty to abide by all applicable common law duties in connection with the sale and distribution of its products and did so.  The Defendant makes no response for allegations not directed to it

28.    The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant denies the remaining allegations contained in Paragraph 28 of the Complaint. The Defendant makes no response for allegations not directed to it.

29.    The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant denies the allegations contained in Paragraph 29 of the Complaint.   The Defendant makes no response for allegations not directed to it.

30.    The Defendant denies the allegations contained in Paragraph 30 of the Plaintiff's Complaint.  The Defendant makes no response for allegations not directed to it.

## COUNT IV

31.    The Defendant repeats, reiterates, and incorporates by reference each and every admission, denial or other response as to each and every allegation contained in the referenced paragraphs of the Plaintiff's Complaint with the same force and effect as if each were separately set forth herein at length.

32.    The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant admits that its dietary supplement products are safe when taken as directed.  The Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.   The Defendant makes no response for allegations not directed to it.

33.     The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant admits that its dietary supplement products are safe when taken as directed. The Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint. The Defendant makes no response for allegations not directed to it.

34.     The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant admits that its dietary supplement products are safe when taken as directed. The Defendant denies the remaining allegations contained in Paragraph 34 of the Complaint. The Defendant makes no response for allegations not directed to it.

35.     The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant admits that its dietary supplement products are safe when taken as directed. The Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint. The Defendant makes no response for allegations not directed to it.

36.     The Defendant admits that its dietary supplement products are safe when taken as directed. The Defendant denies the remaining allegations contained in Paragraph 36 of the Complaint. The Defendant makes no response for allegations not directed to it.

37.     The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant denies the remaining allegations contained in Paragraph 37 of the Complaint. The Defendant makes no response for allegations not directed to it.

38.     The Defendant denies the allegations contained in Paragraph 38 of the Complaint. The Defendant makes no response for allegations not directed to it.

COUNT V

39.     The Defendant repeats, reiterates, and incorporates by reference each and every admission, denial or other response as to each and every allegation contained in the referenced paragraphs of the Plaintiff's Complaint with the same force and effect as if each were separately set forth herein at length.

40.     The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant denies the remaining allegations contained in Paragraph 40. The Defendant makes no response for allegations not directed to it.

41.     The Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 concerning the Plaintiff's reliance and damages and therefore denies the same. The Defendant denies the remaining allegations contained in Paragraph 41 of the Complaint. The Defendant makes no response for allegations not directed to it.

## COUNT VI

42.    The Defendant repeats, reiterates, and incorporates by reference each and every admission, denial or other response as to each and every allegation contained in the referenced paragraphs of the Plaintiff's Complaint with the same force and effect as if each were separately set forth herein at length.

43.    The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant denies the remaining allegations contained in Paragraph 43.  The Defendant makes no response for allegations not directed to it.

44.    The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant admits that its dietary supplement products are safe when taken as directed.  The Defendant admits that it advertised its products.  The Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 and therefore denies the same.  The Defendant makes no response for allegations not directed to it.

45.    The Defendant denies that it manufactured or sold a product called "Metabolife." Defendant admits that it sold dietary supplements.  The Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint.  The Defendant makes no response for allegations not directed to it.

46.    The Defendant admits that it had a duty to abide by all applicable common law duties in connection with the sale and distribution of its products and did so.  The Defendant denies the remaining allegations contained in Paragraph 46 of the Complaint.  The Defendant makes no response for allegations not directed to it.

47.    The Defendant denies the allegations contained in Paragraph 47 of the Complaint. The Defendant makes no response for allegations not directed to it.

## COUNT VII

48.    The Defendant repeats, reiterates, and incorporates by reference each and every admission, denial or other response as to each and every allegation contained in the referenced paragraphs of the Plaintiff's Complaint with the same force and effect as if each were separately set forth herein at length.

49.    The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant denies the remaining allegations contained in Paragraph 49 of the Complaint. The Defendant makes no response for allegations not directed to it.

50.    The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant denies the remaining allegations contained in Paragraph 50 of the Complaint. The Defendant makes no response for allegations not directed to it.

51.    The Defendant denies that it manufactured or sold a product called "Metabolife." The Defendant denies the remaining allegations contained in Paragraph 51 of the Complaint. The Defendant makes no response for allegations not directed to it.

52.    The Defendant denies the allegations contained in Paragraph 52 of the Complaint. The Defendant makes no response for allegations not directed to it

## COUNT VIII

53.    The Defendant repeats, reiterates, and incorporates by reference each and every admission, denial or other response as to each and every allegation contained in the referenced paragraphs of the Plaintiff's Complaint with the same force and effect as if each were separately set forth herein at length.

54.    The Defendant denies the allegations contained in Paragraph 54 of the Complaint. The Defendant makes no response for allegations not directed to it.

## COUNT IX

55.    The Defendant repeats, reiterates, and incorporates by reference each and every admission, denial or other response as to each and every allegation contained in the referenced paragraphs of the Plaintiff's Complaint with the same force and effect as if each were separately set forth herein at length.

56.    The Defendant denies the allegations contained in Paragraph 56 of the Complaint. The Defendant makes no response for allegations not directed to it.

57.    The remainder of the Complaint contains a prayer for relief to which no response need be given.  To the extent that a response may be deemed to be required, the Defendant denies that the Plaintiff is entitled to the relief for which she has prayed for or to any other relief from the Defendant.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to recover in any amount and demands that the Complaint be dismissed and judgment be entered in favor of the Defendant for the costs and disbursements of this action.

## FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file in this action, and to each claim for relief set forth therein, the Defendant alleges that the subject matter of this litigation, and or evidence of the subject matter of this litigation, have been spoliated, and as such the Plaintiff's claim cannot be maintained.

## SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file in this action, and to each claim for relief set forth therein, the Defendant alleges that the Complaint fails to state facts sufficient to constitute a claim for relief against the Defendant.

### THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file in this action, and to each claim for relief set forth therein, the Defendant alleges that all damages claimed by the Plaintiff were legally caused by third parties other than the Defendant, thus barring or diminishing the Plaintiff's recovery against the Defendant.

### FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file in this action, and to each claim for relief set forth therein, the Defendant alleges that the Plaintiff failed and refused to reasonably mitigate her damages, if any, thus barring or proportionally diminishing the Plaintiff's recovery, if any.

### FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file in this action, and to each claim for relief set forth therein, the Defendant alleges the Plaintiff did not exercise ordinary care, caution or prudence for her own safety or protection, and the resultant injuries and/or damages, if any, sustained by the Plaintiff were proximately contributed to and caused by said carelessness and negligence, thus barring or diminishing the Plaintiff's recovery against the Defendant.

### SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file in this action, and to each claim for relief set forth therein, the Defendant asserts on information and belief that the product at issue was altered, changed or substantially changed after it left the Defendant's possession or control.

### SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file in this action, and to each claim for relief set forth therein, the Defendant alleges that adequate warnings, instructions and directions were provided to consumers of the product, including the Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file in this action, and to each claim for relief contained therein, the Defendant asserts that the Plaintiff's allegations are barred by the doctrine of preemption.

## NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file in this action, and to each claim for relief set forth therein, the Defendant asserts that the Plaintiff's damages, if any, were proximately caused by the unauthorized or unreasonable use of the product by the Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file in this action, and to each claim for relief set forth therein, the Defendant asserts that the Plaintiff voluntarily assumed the risk of the activities alleged in the Complaint, and the resultant damages, if any, sustained by the Plaintiff were proximately caused or contributed to by such voluntary assumption of the risk.

## ELEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file in this action, and to each claim for relief set forth therein, the Defendant asserts that the Plaintiff, by her own conduct or otherwise, has waived any claim for relief or claim she may have against the Defendant, or is estopped, due to unclean hands, laches or otherwise, to assert any wrongful conduct on the part of the Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file in this action, and to each claim for relief set forth therein, the Defendant asserts that the Plaintiff's claims are barred by the applicable statutes of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant alleges that it sold, marketed and promoted its product in full compliance with any and all applicable governmental regulations and/or specifications.

## FOURTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant alleges that the Plaintiff is barred from asserting any claim based on breach of warranty against the Defendant, by reason of the failure of the Plaintiff to fulfill the conditions of warranties alleged in the Plaintiff's Complaint, in the event such alleged warranties are proven at trial, including, but not limited to, the Plaintiff's failure to notify the Defendant of any alleged breach of warranty within a reasonable period of time after discovery of any alleged defect, thereby prejudicing the Defendant from being able to fully investigate and defend the Plaintiff's allegations.

## FIFTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant alleges that the Plaintiff was not in privity of contract with the Defendant, and that such lack of privity, therefore, bars the Plaintiff's recovery herein upon any theory of warranty.

## SIXTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant alleges that the Plaintiff and/or other persons, without the Defendant's knowledge and/or approval, redesigned, modified, altered and used the Defendant's product, contrary to instructions, warnings and the custom and practice of the industry, so as to substantially change the character of the Defendant's product. The Defendant further alleges that if the product of the Defendant is defective in any way, which defectiveness is specifically denied, then such defectiveness resulted solely from the redesign, modification, alteration, use or other changes therein and not from any act or omission of the Defendant. Therefore, any such defect, if any, so created by the Plaintiff and/or other persons or parties, was the sole and proximate cause of the injuries and/or damages, if any, that the Plaintiff alleges to have suffered.

## SEVENTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant alleges that the accident, incident, injury and damages alleged in the Plaintiff's Complaint were solely and proximately caused by the misuse of the product by the Plaintiff and that the Defendant could not have reasonably foreseen this misuse, and such misuse, therefore, bars recovery against the Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant alleges that any injuries or damages suffered by the Plaintiff, the existence of which are specifically denied by the Defendant, are the direct and proximate result of the Plaintiff's pre-existing medical history and/or medical conditions, or by the Plaintiff's particular, idiosyncratic, peculiar or unforeseeable susceptibility to the product alleged to have been manufactured and distributed by the Defendant, which reaction was not the result of any conduct or omission on the part of the Defendant, nor the result of any defect in any product manufactured or distributed by the Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant alleges that in light of all relevant factors, the benefits of the design of the product alleged to have caused injuries to the Plaintiff outweigh the risk and danger, if any, inherent in the design of said product.

## TWENTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that if the Plaintiff was injured by any product manufactured or distributed by the Defendant, the Defendant did not breach any duty to the Plaintiff and is not liable for those injuries or for the Plaintiff's claimed damages, since the product, when manufactured and distributed, conformed to the then current applicable industry standards and state of the art, and because the then current state of the art medical, scientific, and industrial knowledge, art and practice were such that the Defendant did not and could not know that the product might pose a risk of harm when used in a normal and foreseeable manner.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that the Plaintiff did not reasonably rely on any act, omission, or representation of the Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that it is immune from liability under the common law for any design defect in its product.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that the Defendant made no implied or express warranties regarding the product.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that if the Plaintiff suffered or sustained any loss, damage or injury as alleged in the Complaint, then such loss, damage or injury was proximately caused and contributed to by the Plaintiff's failure to use the product in a reasonably foreseeable manner.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant alleges that in the event Plaintiff establishes that any use of the Defendant's product was a proximate cause of any injury to the Plaintiff, which the Defendant specifically denies, then said use would have been so minimal as to be insufficient to establish to a reasonable degree of medical probability that the Defendant's product was the proximate cause of the Plaintiff's alleged injuries.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that the state of technical or scientific knowledge regarding the product and its design or manufacture, at all times material hereto, were such that the Defendant neither knew, nor properly should have known, that its product posed any risk of harm to the Plaintiff if such product was used properly.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that the Plaintiff has failed to join all necessary and proper parties.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that the Plaintiff's claims are limited and/or barred by the doctrine of comparative and/or contributory negligence.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that any injury sustained by the Plaintiff is the result of an unforeseeable series of events over which the Defendant had no control, and as such, constitute an act of God for which Defendant cannot be held liable.

### THIRTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that the Plaintiff's alleged injuries and/or the damages alleged by the Plaintiff were the result of superseding and/or intervening causes or were caused or contributed to be caused by the negligence and/or fault of others over whom Defendant had no control, and such negligence and/or fault should be compared, thereby reducing or completely barring Plaintiff's alleged right to recover against Defendant.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that the Plaintiff's claims against the Defendant may be barred by the doctrine of informed consent.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that based upon the state of scientific, medical and technological knowledge at the time it was allegedly ingested by the Plaintiff, the Defendant's dietary supplements were reasonably safe for their normal and foreseeable use at all relevant times, or in light of existing and reasonably available medical, scientific and technological knowledge, or their benefits outweighed and exceeded any risk associated with its use.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that the Defendant's dietary supplements were in compliance with legislative regulatory standards and/or administrative regulatory safety standards relating to design and/or performance and, therefore, are deemed not defective.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that the Plaintiff's cause of action is barred in whole or party by lack of a defect.  The Defendant's dietary supplements are not defective products in that the design, manufacture, packaging and labeling are in conformity with the generally recognized state of the art in the industry and were prepared with the applicable standard of care.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that to the extent that the Plaintiff relies on any theory of breach of warranty, such claims are barred for failure to give timely notice to the Defendant of any alleged breach of warranty.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that the Plaintiff's alleged injuries were proximately caused and contributed to by the Plaintiff's failure to use the product in a reasonable foreseeable manner.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each claim for relief set forth therein, the Defendant asserts that the Plaintiff's claims, in whole or in part, are barred because the Plaintiff lacks standing.

The Defendant reserves the right to add additional defenses as discovery progresses and/or to avoid injustice.

THE DEFENDANT, METABOLIFE INTERNATIONAL, INC. DEMANDS A TRIAL BY JURY ON ALL ISSUES TRIABLE.

Respectfully Submitted,

METABOLIFE INTERNATIONAL, INC.,
Defendant,
By Its Attorneys,


/s/Michael J. Racette
Nicholas P. Alexander, Esq. (BBO# 544173)
Michael J. Racette, Esq. (BBO No. 555350)
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500

14